108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Denise BAKER, Plaintiff-Appellant,
v.
MANVILLE TRUST, Defendant-Appellee.
 No. 96-7796.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 APPEARING FOR APPELLANT: DENISE BAKER, pro se, Bisbeem AZ.
 APPEARING FOR APPELLEE: David Austern, Fairfax, VA.
 PRESENT: HON. DENNIS JACOBS, HON. PIERRE N. LEVAL, HON. JOSE A. CABRANES, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff-appellant Denise Baker appeals from an order of the United States District Court for the Eastern District of New York (Weinstein, J.) dismissing her claim for lack of jurisdiction to grant the relief sought, the court having found her claim subject to the terms of an approved class action settlement.
 
 
 4
 In the wake of numerous personal injury claims against it, the Johns-Manville Corporations ("Manville"), a manufacturer of asbestos products, entered bankruptcy. A trust, defendant-appellee Manville Personal Injury Settlement Trust (the "Trust"), was organized for the purpose of compensating the victims of asbestos-related injury. Most of the corporation's remaining assets, and all claims against Manville, were assigned to the Trust, leaving Manville itself freed of liability.
 
 
 5
 To achieve equitable distribution of the Trust assets to current and potential claimants, the asbestos litigation brought by victims of asbestos-related disease was cast as a Rule 23(b)(1)(B) non-opt-out diversity class action. A Stipulation of Settlement ("Stipulation") was approved. See In re Joint E. & S. Dists. Asbestos Litig., 78 F.3d 764 (2d Cir.1996); In re Joint E. & S. Dists. Asbestos Litig., 929 F.Supp. 1 (E. & S.D.N.Y.1996). The Stipulation provides that the rights and duties of the Trust and claimants are governed by the Trust Distribution Process ("TDP"), which is annexed to the Stipulation. See In re Joint E. and S. Dists. Asbestos Litig., 878 F.Supp. 473 app. at 580 (E & S.D.N.Y.1995) ("Findley III "), aff'd in part, vacated and remanded in part, 78 F.3d 764.
 
 
 6
 Baker and her husband sued Manville in 1989, seeking damages for the husband's asbestos-related illness. In February 1991, Baker and her husband, then represented by counsel, settled their claim with the Trust for a total liquidated value of $270,000. Pursuant to a signed release agreement, the Bakers received 15 percent of the liquidated value of their settlement at the time of the settlement, but have received no additional payments since then.
 
 
 7
 On June 13, 1996, Baker filed the instant action before the district court, requesting an exception from the terms of the TDP. On June 17, 1996, the district court dismissed Baker's complaint, finding that it lacked jurisdiction to grant the relief sought because Baker is bound by the terms of the Stipulation. This appeal followed.
 
 
 8
 On appeal, Baker argues that she should be excused from the terms of the Stipulation because of her extraordinary circumstances, namely that the death of her husband has left her to raise their two children alone, and that her husband was exposed to asbestos which came predominantly from Manville. This argument is without merit.
 
 
 9
 By the terms of the TDP, the Trust may "individually evaluate and liquidate a claim for an amount that exceeds the Maximum Value for the particular Scheduled Disease" where a claimant has an "Extraordinary Claim." Findley III, 878 F.Supp. 473 app. at 584. The TDP contemplates certain extraordinary situations, one of which is the situation that Baker alleges--where a claimant is exposed overwhelmingly to Manville asbestos products, as opposed to the products of other asbestos manufacturers. See id. But Baker's husband's claim has already been settled and liquidated. Furthermore, the TDP provides that "[a]ny dispute as to Extraordinary Claim status shall be submitted to arbitration by a special Extraordinary Claims Panel established by the Trust with the concurrence of the [Selected Counsel for the Beneficiaries] after consultation with the Special Advisor [to the Trust]." Id. Baker has failed to follow this procedure. Thus, if Baker's claim is construed as a claim of extraordinary circumstances, the district court would in any event be without jurisdiction to hear it.
 
 
 10
 Baker also argues that her request for an exception from the terms of the TDP is supported by her reliance on an alleged verbal representation made by counsel for the Trust prior to her settlement. According to Baker, at the time of her husband's deposition (around October 1990), counsel for the Trust told Baker that her remaining settlement claim would be paid at a rate of $20,000 per year for five years, at which time there would be a delay while others received payments, after which the Bakers would receive their balance.
 
 
 11
 Even if such an oral agreement existed, it was legally insufficient to alter the terms of the TDP as it applies to Baker. The plain language of the release signed by the Bakers in February 1991, when they were represented by counsel, states that they would be paid an initial 15 percent of their settlement, but that the remaining 85 percent would "be paid as provided in the Class Action Payment Plan." (Appellant's Br. at 16). Baker is therefore bound to those terms even if, in retrospect, they no longer appear advantageous. Furthermore, even if some side agreement was made, the Stipulation states: "All prior negotiations between and among the parties are merged into this Stipulation and the exhibits thereto and there are no promises, agreements, undertakings, representations or warranties, oral or written, express or implied, between or among the parties other than as herein set forth." Findley III, 878 F.Supp. 473 app. at 579. Baker is bound by the terms of the Stipulation. See, e.g., Ryan v. Dow Chem. Co., 781 F.Supp. 902, 918-19 (E.D.N.Y.1991) (class action settlement is binding on all class members), aff'd, 996 F.2d 1425 (2d Cir.1993); see also In re Joint E. & S. Dists. Asbestos Litig., 982 F.2d 721, 739 (2d Cir.1992) (approving mandatory non-opt-out class, but remanding for certification of sub-classes). Thus any oral representation made to the Bakers was merged into (and subsumed by) the Stipulation.